UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ONCE UPON A TIME IN CORTLAND MANOR, INC., et al.,

                Plaintiffs,

-against-

MARKEL INSURANCE COMPANY, et al.,

                Defendants.

**ORDER**

22-CV-04405 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    On May 27, 2022, Markel Insurance Company and Markel Service, Incorporated (collectively, "Defendants") filed a Notice of Removal intending to remove this action from the Supreme Court of the State of New York, County of Putnam, to this Court. (*See* Doc. 1, "Not. of Removal;" Doc. 1-1, "Compl."). For the reasons below, this matter is REMANDED to the Supreme Court of the State of New York, County of Putnam.

## BACKGROUND

    On or about April 19, 2022, Once Upon a time in Cortland Manor, Inc. ("Insured") and Lisa Montalto ("Montalto," and with the Insured, "Plaintiffs") commenced this action against Defendants in the Supreme Court of the State of New York, County of Putnam. (Not. of Removal ¶ 1; *see generally* Compl.). The underlying allegations are simple: (1) the Insured holds two insurance policies issued by Defendants; (2) the Insured made a demand for coverage under the policies for itself and Montalto in connection with a separate proceeding ("Other Action"); and (3) Defendants refused to provide for Montalto's defense. (Compl. ¶¶ 3-5).[1] Plaintiffs insist that Montalto is entitled to a defense under the policies. (*Id*. ¶ 6). Accordingly, Plaintiffs press a single

---

[1] The Other Action has been pending in the Supreme Court of the State of New York, Putnam County, for approximately two years. (Not. of Removal ¶ 4; *see also* Doc. 1-3).

claim for breach of contract against Defendants in order to recoup $20,983.40 in legal fees expended for Montalto's defense in the Other Action. (*Id.* ¶¶ 7-11).

Defendants argue that this Court has subject-matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) the face value of each insurance policy over which Plaintiffs sue is $2,000,000. (Not. of Removal ¶¶ 3, 5-15).

## ANALYSIS

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." Pertinent here, the Court has original jurisdiction over civil actions where: (1) the dispute is between citizens of different States; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[T]he Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While the removing party need not "prove the amount in controversy to an absolute certainty," it has "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the . . . complaint, and the . . . notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[2]

---

[2] "[C]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also* Fed. R. Civ. P. 12(h)(3).

Defendants offer two arguments concerning the amount in controversy. Neither establishes to a reasonable probability that Plaintiffs' single claim exceeds the statutory jurisdictional amount.

Defendants' first argument avers that:

> [w]here a party seeks a determination of insurance coverage, as Plaintiffs do here, the amount in controversy is measured by the value of the object of the litigation. Here, the value of the object of the litigation depends on defendants' coverage obligations: if Plaintiffs prevail, [Defendants] will be required to defend, and possiblly indemnify [Montalto] in the [Other Action].

(Not. of Removal ¶ 13 (internal citations and quotation marks omitted)). It is, however, only "[i]n actions for declaratory or injunctive relief" when "the amount in controversy is measured by the value of the object of the litigation." *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020) (internal quotation marks omitted). Plaintiffs do not seek declaratory or injunctive relief. They proceed on a breach of contract claim. Accordingly, the proper measure of the amount in controversy looks to:

> the amount recoverable under contract law. In a breach of contract action in New York, the measure of damages is compensatory, that which the plaintiff needs to be made whole.

*Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 297 (E.D.N.Y. 2005). Plaintiffs complain that Defendants have breached their duty of paying $20,983.40 for legal fees. (Compl. ¶ 11). The amount in controversy, therefore, falls below the minimum required by law.[3]

Defendants' second argument posits that, given the allegations in the Other Action (i.e., physical and sexual abuse against children at a daycare), there is "clearly" a "potential of exceeding

---

[3] The case law Defendants cite to support this argument concerns declaratory judgment claims. (*See* Not. of Removal ¶ 13); *see also Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *Correspondent Servs. Corp. v. First Equities Corp. of Florida*, 442 F.3d 767, 770 (2d Cir. 2006); *Lighton Indus., Inc. v. Allied World Nat'l Assur. Co.*, 348 F. Supp. 3d 167, 181 (E.D.N.Y. 2018); *Am. Safety Cas. Ins. Co. v. 385 Onderdonk Ave., LLC*, 124 F. Supp. 3d 237, 242 (E.D.N.Y. 2015).

the $75,000" threshold given the costs that may be covered by the policies. (Not. of Removal ¶ 15). This argument, however, ignores the fact that "whether a plaintiff's allegations satisfy the amount-in-controversy requirement considers the amount as of the date the complaint is filed." *Bernshteyn v. Feldman*, No. 04-CV-01774, 2006 WL 2516514, at *3 (S.D.N.Y. Aug. 29, 2006) (Lynch, J.); *see also Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005) ("The district court should not have considered a post-filing event in its calculation of the amount in controversy . . . ."). Nor can the Court consider "damages that are remote, contingent or speculative, or based on conjecture." *Bernshteyn*, 2006 WL 2516514, at *4 (internal citations and quotation marks omitted). In contradiction to these principles, Defendants advocate that because the claims against Plaintiffs in the Other Action are so unspeakably egregious, the amount in controversy may grow. (*See* Not. of Removal ¶¶ 14-15). That may well be, but whether that reality does or does not come to pass at a later time has no bearing on the present conclusion that the Court lacks subject-matter jurisdiction over this action.

This Court is required to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)). Defendants' arguments are, as outlined above, insufficient for the Court to determine by a preponderance of the evidence that the facts herein meet the jurisdictional threshold of 28 U.S.C. § 1332(a).

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Putnam. The Clerk of the Court is respectfully directed to send a copy of this

Order to the Supreme Court of the State of New York, County of Putnam, and to close this action.

All pending matters are hereby terminated.

SO ORDERED:

Dated: White Plains, New York
June 3, 2022

_____
PHILIP M. HALPERN
United States District Judge